UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-198

SONIA HOWARD                                                                              PLAINTIFF

v.

FOWLER BROTHERS, INC., and
FOWLER FOODS, INC.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Production of Witness Statements (Docket #17). Defendants have responded (Docket #20). Plaintiff has replied (Docket #21). For the foregoing reasons, Plaintiff's motion is GRANTED.

## DISCUSSION

On October 7, 2009, Plaintiff was allegedly injured after a toilet fell over at the Kentucky Fried Chicken store in Lone Oak. Plaintiff now seeks an order compelling Defendants to produce statements given by KFC employees following the incident. Specifically, Plaintiff seeks the statements of: (1) Jerry Nance; (2) Bobby Doyle; (3) Terry Adams; (4) Emily Lynn; (5) Lisa Colston; (6) Letetia Quarles; (7) Megan Rouse; (8) Robert Crutcher; and (9) Doug Ross. Defendant objects on the basis that these statements are work-product.

"The work-product doctrine is a procedural rule of federal law; thus, Federal Rule of Civil Procedure 26 governs this diversity case." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). Rule 26(b)(3) protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3)(A). A party may only discover these documents if they are relevant and "the party shows that it has substantial need for the materials to prepare its case and cannot,

without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

Defendants assert that the witness statements were prepared in anticipation of litigation for their insurer and counsel and, thus, the work-product doctrine applies. Plaintiff does not challenge Defendants' assertion, but argues that these statements may still be obtained because Plaintiff has a substantial need for the statements and a substantial equivalent cannot be obtained by other means. Plaintiff believes such statements are necessary for preparation of her case because these statements contain the best and most reliable information concerning the witnesses' knowledge at the time of the incident. Plaintiff notes that the witness statements were written either the day of the accident or the next morning, at a time when the events were still fresh in the witnesses' minds. Although Plaintiff has the ability to depose these witnesses, Plaintiff believes that such depositions, approximately eighteen months after the incident, would not provide a substantial equivalent.

Various courts have addressed this issue and there is a split of authority as to whether the passage of time is sufficient to satisfy Rule 23(b)(3).

> Although several courts have held that the mere passage of time *is* enough to meet the substantial need required to compel production of documents protected as work product (*see* [*Holton v. S & W Marine, Inc.*, 2000 WL 1693667, *4 (E.D. La. 2000)]; *see also Tiernan v. Westext Transport, Inc.*, 46 F.R.D. 3, 5 (D.R.I. 1969) (holding that statements taken shortly after an incident are more acute than depositions taken later in time, helping to overcome the work product privilege); *Hamilton v. Canal Barge Co., Inc.*, 395 F. Supp. 975, 977 (E.D. La. 1975) (stating that the mere lapse of time is enough to justify discovery of documents protected by the work product rule)); other courts have held that the mere passage of time is not sufficient to establish substantial need absent some additional factor(s). *See Almaguer v. Chicago R.I. & P.R.*, 55 F.R.D. 147, 150 (D. Neb. 1972) (stating that *more* than the mere passage of time is necessary to establish the need required to overcome the work product protection); *see also Banks v. Wilson*, 151 F.R.D. 109, 113 (D. Minn. 1993) (stating that if the mere passage of time was sufficient

2

> to create the substantial need required, then the express preconditions of Rule 26(b)(3), which requires that a witness be unavailable or that their statement or its equivalent could not be obtained by an alternative method without undue hardship, would be meaningless).
>
> Additionally, even those cases which hold that the mere passage of time is sufficient to establish substantial need, generally require that the protected statement sought in discovery have been taken shortly after the event took place. *See Hamilton*, 395 F. Supp. at 978 (if the closer in time statement is given more than a few days after the events themselves, then the mere passage of time is not enough to establish the required need).

*Garcia v. City of El Centro*, 214 F.R.D. 587 (S.D. Cal. 2003) (footnote omitted) (emphasis in original). In *Garcia*, the district court denied the plaintiff's motion to compel because the witness statements were taken at least five months after the incident giving rise to the litigation. *Id.* at 596-98. Because of this time span, the district court held that the plaintiff failed to show a substantial need. *Id.*

In contrast, this case involves statements prepared either the day of the incident or the following day. The Court agrees with district courts which have recognized that statements taken shortly after the event in question are more acute and "unique, in that they provide an immediate impression of the facts." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2025 (3d ed. 2011) (citing, *e.g.*, *Johnson v. Ford*, 35 F.R.D. 347, 350 (D. Colo. 1964)); *accord Southern Ry. Co. v. Lanham*, 403 F.2d 119, 128 (5th Cir. 1968) (statements taken shortly after an accident "provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory"). Defendant was in the unique position of being able to interview key witnesses within a day of the incident, while the same opportunity was unavailable to Plaintiff. *See Stout v. Norfolk & W. Ry. Co.*, 90 F.R.D. 160, 162 (S.D. Ohio 1981) (statements'

3

"contemporaneity renders them so unique and unduplicable that need and hardship are clearly established"). Presumably, these statements provide facts essential to Plaintiff's case. *Id.* at 161 (noting that the contemporaneous statements are "essential to developing the fact pattern").

The Court finds that Plaintiff has demonstrated a substantial need for the witness statements and has made a showing of undue hardship in obtaining substantial equivalents. Accordingly, the Court holds that the statements must be produced.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Production of Witness Statements is GRANTED.